**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Javier Romero,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　Respondents. | No. CV 07-1207-PHX-SMM (BPV)<br><br>**ORDER** |

Petitioner Valentino Javier Romero, who is confined in the Arizona State Prison Complex-Lewis, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.　Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 93-09461, of aggravated assault and endangerment and was sentenced to a 36-year term of imprisonment. Petitioner names Dora Schriro as Respondent to the Petition and the Arizona Attorney General as an Additional Respondent.

Petitioner raises three grounds for relief: (1) Petitioner was denied his right to have a jury determine aggravating factors used to enhance his sentence, in violation of the Sixth Amendment; (2) the sentencing procedure used by the trial court deprived Petitioner of his Sixth and Fourteenth Amendment rights to due process; and (3) Petitioner's sentence violated the Sixth Amendment.

TERMPSREF

1   It is unclear whether Petitioner has exhausted his claims. Even assuming that the exhaustion requirement has not been met, it appears that any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

**II.  Warnings**

　**A.  Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

　**B.  Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

　**C.  Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

1    (2) Respondents must answer the Petition within 40 days of the date of service.
2 Respondents must not file a dispositive motion in place of an answer but may file an answer
3 limited to relevant affirmative defenses, including but not limited to, statute of limitations,
4 procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
5 those portions of the record relevant to those defenses need be attached to the answer.
6 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
7 defense.  <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006).  If not limited to affirmative
8 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
9 Governing Section 2254 Cases.

10    (3) Petitioner may file a reply within 30 days from the date of service of the
11 answer.

12    (4) This matter is referred to Magistrate Judge Bernardo P. Velasco pursuant to
13 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
14 report and recommendation.

15    DATED this 21st day of August, 2007.

_____
Stephen M. McNamee
United States District Judge

TERMPSREF

- 3 -