IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VALENTINO JAVIER ROMERO, <br><br>　　　　　Petitioner, <br>vs. <br><br>DORA SCHRIRO, et al., <br><br>　　　　　Respondent. | No.  CV 07-1207-PHX-SMM <br><br>**REPORT AND RECOMMENDATION** |

　　　　On June 19, 2007, Valentino Javier Romero, ("Petitioner"), an inmate confined under Department of Correction custody in the Lewis-Stiner Arizona State Prison Complex in Buckeye, Arizona, filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254 ("Petition"). (Doc. No. 1.)[1] Respondents filed an Answer ("Answer") to the Petition on September 27, 2007, with exhibits A through U attached. (Doc. No. 10.) No reply was filed.

　　　　Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

　　　　For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order dismissing the Petition.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

　　**A.　　Convictions and Sentences:**

　　　　The Arizona Court of Appeals summarized the background and facts of Petitioner's case as follows:

---

　　　　[1]　　"Doc. No." refers to documents in this Court's file.

> On November 24, 1993, the State of Arizona ("State") charged [Petitioner] with five counts of aggravated assault and two counts of endangerment for his involvement in a shooting incident between two groups of people in a residential area. The State dismissed two of the aggravated assault charges prior to trial. [Petitioner] was convicted by a jury of all remaining offenses.

(Ex. A.)[2]

On May 20, 1994, Petitioner was sentenced to an aggravated term of 15 years' imprisonment for the aggravated assault convictions and aggravated sentences of 3 years' imprisonment for the endangerment convictions. (See Answer, at 3; Petition, at 1; and Ex. U, at 12.)

**B.     Appeal**

Petitioner's direct appeal of his conviction in the Arizona Court of Appeals was denied on July 11, 1996. (Ex. A.) The court of appeals considered Petitioner's claims that (1) the trial judge's statements during voir dire tainted the jury, preventing Petitioner from receiving a fair trial, and (2) the trial court erred by giving the standard jury instruction on deterring truthful testimony. (Id.) On July 11, 1996, the appellate court affirmed the trial court's decision. (Id.) Petitioner's petition for review of the appellate court's decision was summarily denied by the Arizona Supreme Court on December 6, 1996. (Id.)

**C.     First and Second Petition for Post-Conviction Relief**

On September 19, 1994, while state review of his conviction was still pending, Petitioner filed a petition for post-conviction relief. (See Ex. B, at 5) The trial court appointed the Maricopa County Public Defenders Office to represent Petitioner, and, subsequently, ordered substitution of counsel to order Petitioner represented by attorney Michael L. Vaughn. (Id. at 6.) Attorney Vaughn filed an Amended Pro Per Petition for Post-Conviction Relief and Memorandum of Points and Authorities on November 30,

---

[2]     "Ex." refers to the corresponding Exhibit contained in Respondents attached Exhibits found at Doc. No. 10.)

- 2 -

1   1995, raising three issues: (1) newly-discovered evidence related to the suppression
2   of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2)
3   prosecutorial conduct related to the suppression of evidence and violation of *Brady* and
4   failure to inform the court of improper witness collaboration during trial; and (3)
5   ineffective assistance of trial counsel. (Ex. B, at 2.) An evidentiary hearing was held
6   on the petition for post-conviction relief on June 28, 1996. (Ex. C.) The trial court
7   denied the petition in court as to claims of newly discovered evidence and prosecutorial
8   misconduct and ordered counsel to contact the court to arrange further scheduling as to
9   the ineffective assistance of counsel claims. (Ex. C.) Subsequently, On October 17,
10  1996, Petitioner withdrew his claim for ineffective assistance of counsel, explaining
11  that, upon further investigation, the matters alleged in the petition "were not
12  deficiencies in trial counsel's performance, but were matters of trial strategy grounded
13  in a reasonable basis." (Ex. D.) The trial court denied Petitioner's requests to forbid
14  withdrawal of the ineffectiveness claims and to appoint counsel to review whether the
15  claim of ineffective assistance of counsel claim had merit. (Ex. E, K at 3.) The trial
16  court granted the motion to withdraw the claim and entered a final order denying the
17  petition on February 18, 1997. (Ex. E.)

18      Petitioner filed a petition for review from the trial court's order. (Ex. F.) That
19  petition for review, (consolidated with another petition for review from the trial court's
20  denial of a *pro per* petition for post-conviction relief [3]), was denied in a memorandum

---

[3] Respondents cite to another petition for post-conviction relief filed by Petitioner, acting *pro per*, alleging that his sentence was illegally enhanced and he was denied parole eligibility under *State v. Tarango*, 185 Ariz. 208 (1996). (See Answer, at 3, and Ex. K.) Respondents refer to this as Petitioner's first petition, but the petition is not contained in the record before this Court and Respondents do not indicate when it was filed. (Answer, at 3.) The date of filing is irrelevant for purposes of any statutory tolling of the statue of limitations, however, because the court of appeals consolidated the first and second petitions,

1  decision by the court of appeals on January 29, 1998.  (Ex. K.)  The supreme court
2  denied review of the consolidated petitions on February 23, 1999.  (Ex. L.)

### D.  Third Petition for Post-Conviction Relief

Petitioner filed a third petition for post-conviction relief, *pro se*, on July 30, 1996.  (Ex. G.)  Petitioner raised the following claims: Petitioner was denied (1) "his liberty interests and his rights under Rule 8 as well as his right to speedy trial under the federal constitution..."; (2) "his sixth and fourteenth amendment rights by the failure of appellate counsel to raise the issue that the denial of the motion to preclude...."; (3) his due process rights "by the court instructing the jury, prior to the closing argument, upon defense objections"; and (4) his right to effective assistance of appellate counsel by his failure to raise the issue "that there was insufficient evidence under the sixth and fourteenth amendments and hence the court erred in denying the motion for directed verdict."  (Ex. G.)

The trial court summarily denied the petition on August 7, 1997 and Petitioner filed a petition for review with the appellate court.  (Exs. H, I.)  The court of appeals denied review on March 2, 1999.  (Ex. J.)

### E.  Fourth Petition for Post-Conviction Relief

On January 30, 1998, Petitioner filed a fourth notice of petition for post-conviction relief based on the affidavit of his wife that she had not been interviewed by trial counsel.  (Ex. M.)  On March 9, 1998, the trial court referred the claim to the Hon. Barry Schneider to determine whether, on its face, the claim would constitute newly discovered material facts that would probably change the verdict. Otherwise, the trial court noted, the claim was untimely and precluded pursuant to both Rule 32.2 and A.R.S. § 13-4232. (Ex. O.)  There is no minute entry in the record or

---

both of which were filed while Petitioner's appeal was pending, and ruled on the consolidated petitions after the conclusion of direct review. (Ex. K.)

- 4 -

other indication that the trial court denied the petition on the merits or as untimely. It is immaterial, however, inasmuch as, thereafter, the Arizona Court of Appeals denied a petition for review from the trial court's denial of post-conviction relief, on June 9, 1999, demonstrating that, in fact, the trial court denied the petition. (Ex. O.)

### F.  Fifth Petition for Post-Conviction Relief

On November 8, 2004, Petitioner filed a fifth petition for post-conviction relief. (Ex. P.)  Petitioner argued that (1) *Blakely v. Washington*, 542 U.S. 296 (2004), constituted a significant change in the law requiring a reversal of his sentence; (2) The decision in *Blakely* is a significant change in the law for the purposes of Rule 32.1(g); (3) The trial judge used the same aggravating factors to impose consecutive sentences in violation of the Sixth and Fourteenth Amendments of the United States Constitution; and (4) *Blakely* applies retroactively.

On November 16, 2004, the trial court dismissed the petition. (Ex. Q.) The trial court noted the petition was untimely, and that *Blakely* did not apply retroactively to convictions that are final.  The court further found that Petitioner's Rule 32-of right petition was dismissed on June 28, 1996, and he did not seek review, therefore his conviction was final and he was not entitled to relief under Rule 32.1(g). (Ex. Q.) On December 2, 2004, Petitioner filed a motion for rehearing, arguing that the court had improperly applied the time bar and erred in its finding that *Apprendi v New Jersey*, 530 U.S. 466 (2002), and *Ring v. Arizona*, 536 U.S. 584 (2002), do not apply retroactively to convictions that are final. (Ex. R.)  The court rejected the motion. (Ex. S.)  The Petitioner filed a petition for review before the Arizona Court of Appeals, which it denied on June 19, 2006. (Id. at Ex. T.)

### G.  First Federal Habeas

Petitioner's first federal habeas petition was filed on August 25, 1995. (CIV 95-01779 PHX-SMM (SLV), Doc. No. 1.) The petition was dismissed by order and judgment of the District Court on May 29, 1996. (Id., Doc. No. 15, 16.) Petitioner was

1 denied a certificate of appealability, (Id., Doc. No. 19), and the order was upheld by
2 the Ninth Circuit. (Id., at 20.)

### H.  Second Federal Habeas

Petitioner's second federal habeas petition, filed on December 17, 1998, was dismissed without prejudice after a motion to dismiss filed by Petitioner was treated as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (CIV 98-02258 PHX-SMM (SLV), Doc. No. 1, 3, 4, 5.)

### I.  Third Federal Habeas

Petitioner's third federal habeas was timely filed on July 26, 1999, following the conclusion of Petitioner's direct review and state collateral proceedings of his first two consolidated petition's for review. (CIV 99-01341 PHX-SMM (SLV), Doc. No. 1) The District Court considered the merits of three claims raised by Petitioner: (1) The trial judge denied Petitioner due process of law under the Fourteenth Amendment when the trial judge refused to grant Petitioner a new trial based on newly discovered evidence; (2) Ineffective assistance of trial counsel; and (3) Ineffective assistance of appellate counsel. The District Court denied the petition on the merits, and entered judgment dismissing the action. (Id., Doc. No. 13, 14.)

Petitioner moved for a certificate of appealability, and both the District Court and the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id., Doc. No. 15, 16, 17.)

### J.  Present Federal Habeas

Petitioner filed this present petition for habeas corpus in the District Court on June 19, 2007. (Doc. No. 1.) Petitioner raises three grounds for relief: (1) Petitioner was denied his right to have a jury determine aggravating factors used to enhance his sentence, in violation of the Sixth Amendment; (2) the sentencing procedure used by the trial court deprived Petitioner of his Sixth and Fourteenth Amendment rights to due process; and (3) Petitioner's sentence violated the Sixth Amendment. (Id.)

- 6 -

**II.    DISCUSSION**

    **A.  Standard of Review**

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA"). See 28 U.S.C. § 2244.

    **B.  Subject Matter Jurisdiction**

Under § 2244, a petitioner can file a second or successive habeas petition only after obtaining an authorization order from a three-judge panel in the appropriate court of appeals. 28 U.S.C. § 2244(b)(3); *see also Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 799 (2007) (per curiam). In order to obtain an authorization order, a petitioner must make a prima facie showing that the claim was not presented in a previous federal habeas petition. 28 U.S.C. § 2244(b)(1). In addition, the petitioner must show that (1) the new claim relies on a new rule of constitutional law that was previously unavailable and that the Supreme Court made retroactive to cases on collateral review; or (2) the factual basis for the new claim "could not have been discovered previously through the exercise of due diligence" and the fact underlying the claim, if proven and viewed in light of the whole evidence, show by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2); § 2244(b)(3)(C); *see also Burton* 127 S.Ct. at 796. Absent approval from the Ninth Circuit, the District Court lacks subject matter jurisdiction to consider a second or successive petition. 28 U.S.C. § 2244(b)(3)(A); *Burton*, 127 S.Ct. at 799.

    **C.  Timeliness**

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final

by the conclusion of direct review or the expiration of time for seeking such review [.]" 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

**D.     Analysis**

*1.     The Court Lacks Subject Matter Jurisdiction to Consider the Petition*

Petitioner's fourth habeas is a "second or successive" habeas for which he has neither sought nor obtained authorization to file. Petitioner has twice brought claims contesting the same custody imposed by the same judgment of a state court. Petitioner's third federal habeas[4], was decided and dismissed on the merits, and judgment entered accordingly. Therefore, under the AEDPA, Petitioner is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" for habeas relief. 28 U.S.C. § 2244(b)(3)(A). Petitioner's failure to comply with the "gatekeeping" provisions of section 2244 deprive this Court of jurisdiction to consider his section 2254 claims. *See Burton*, 127 S.Ct. at 794-99.

*2.     The Petition is Untimely*

Should the District Court find that the Court has jurisdiction to consider the Petition, the Magistrate Judge further finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Petitioner had until one year after his conviction and sentence became final to file his federal petition. Petitioner's state conviction in CR 93-09461 was based on the guilty verdict of a jury trial. Petitioner appealed his conviction before the Arizona Court of Appeals, which found no error in the trial court's decision. Petitioner's petition for review was denied by the Arizona Supreme

---

[4]     CIV 99-01341 PHX-SMM (SLV)

- 8 -

Court on December 6, 1996. His conviction therefore became final 90 days after his petition for review was denied. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Therefore, the statute of limitations began to run on March 6, 1997. Absent any statutory or equitable tolling periods, Petitioner's right to file a federal habeas petition expired one year later on March 6, 1998.

Petitioner did not file the instant Petition until June 19, 2007. Petitioner does not argue and this Court does not find that he is entitled to any equitable tolling[5]. Thus, the Petition is untimely by over nine years unless statutory tolling applies and results in a tolling of the limitations period for a sufficient length of time to bring the Habeas Petition within the one-year limitations period.

### E. Statutory Tolling

The limitations period was immediately tolled with no lapse of time in-between the direct review and the first statutory tolling event, because Petitioner's first and second petitions for post-conviction relief were initiated before his conviction became final. The limitations period was statutorily tolled until the day the Arizona Supreme Court issued its order denying review of the court of appeals denial of Petitioner 's consolidated petitions for review from the trial court's denial of his first two petitions for post-conviction relief. The supreme court's order was filed on February 23, 1999. (Ex. L.)

Similarly, Petitioner's third and fourth petitions for post-conviction relief overlapped the earlier petitions. Respondents do not argue that these petitions were not properly filed. (See Answer, at 10.) Because the record is not clear on whether these

---

[5] Although the Court recognizes that Respondents have raised an argument that equitable tolling is no longer available, in view of the Supreme Court's recent decision in *Bowles v.Russell*, 127 S.Ct. 2360 (2007), the Court need not resolve that issue because Petitioner does not assert or satisfy the requirements for such tolling.

1 petitions were or were not "properly filed" in the state court, and because a resolution
2 of this issue is not necessary to resolve the issue of timeliness, this Court will assume
3 without deciding that the third and fourth petitions were properly filed within the
4 meaning of § 2244(d)(2).  Thus, assuming the third and fourth petitions were properly
5 filed, the statutory tolling period continued until June 9, 1999, when the Arizona Court
6 of Appeals denied his petition for review of the trial court's denial of his fourth petition
7 for post-conviction relief.  Thus, Petitioner had a year from June 9, 1999, or until June
8 9, 2000, to file his federal habeas Petition.

Petitioner's fifth petition for post-conviction relief was filed on November 9, 2004, well over five years after the conclusion of the fourth petition for post-conviction relief.

This fifth petition could not toll the limitations period because it had already expired, neither could it restart the already expired one-year limitations period.  See *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Further, Petitioner's federal habeas petitions have no tolling effect.  *See Duncan v. Walker*, 533 U.S. 167, 191 (2001).

Petitioner's instant habeas, filed on June 19, 2007, was filed more than seven years beyond the AEDPA's one-year statute of limitations, and is thus untimely.

The Magistrate Judge does not reach the Petitioner's or Respondent's alternate arguments on the merits of this case.

**III.    RECOMMENDATION**

The Magistrate Judge recommends that the District Court DISMISS this action for lack of subject matter jurisdiction.

Alternatively, the Magistrate Judge recommends that the District Court DISMISS this action as untimely.

- 10 -

1    Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections
2 within ten days after being served with a copy of this Report and Recommendation.  A
3 party may respond to another party's objection within ten days after being served with
4 a copy thereof. Fed. R. Civ. P. 72(b). If objections are filed the parties should use the
5 following case number:  **CV 07-1207-PHX-SMM**

6    If objections are not timely filed, then the parties' right to de novo review by the
7 District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d
8 1114, 1121 (9th Cir. 2003).

9    DATED this 26th day of September, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge